1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

DANNY JAMES COHEA, et al.,

12

Plaintiffs,

13

v.

14

A. PACILLAS, et al.,

15

Defendants.

16

CASE No. 1:16-cv-0949-AWI-MJS (PC)

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DIRECTING PLAINTIFF TO PAY FILING FEE IN FULL

(ECF NO. 9)

FOURTEEN DAY DEADLINE

17      This civil rights action is brought by three Plaintiffs—Danny James Cohea,

18  Raymond George Glass, and R.J. Dupree—pursuant to 42 U.S.C. §1983, though only

19  Plaintiff Cohea has signed the complaint. See ECF No. 1 at 75; Fed. R. Civ. P. 11(a).

20  Additionally, only Plaintiff Cohea moved to proceed in forma pauperis, and his motion

21  was granted on September 8, 2016. (See ECF Nos. 6, 9.) The Court has subsequently

22  determined, for the reasons discussed below, that Plaintiff Cohea is not entitled to in

23  forma pauperis status and therefore must pay the filing fee before this case may proceed

24  further.

25      Plaintiff Cohea is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event

26  shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more

27  prior occasions, while incarcerated or detained in any facility, brought an action or

28  appeal in a court of the United States that was dismissed on the grounds that it is

1   frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

2   prisoner is under imminent danger of serious physical injury."

3        The Court takes judicial notice of the following cases filed by Plaintiff Cohea:

4   Cohea v. Bray, 2:97-cv-0366-FCD-DAD (E.D. Cal.) (dismissed on March 24, 1998, for

5   failure to state a claim); Cohea v. Access Secure Pak, 3:09-cv-0679-RCJ-RAM (D. Nev.)

6   (dismissed on August 3, 2010, for failure to state a claim); and Cohea v. Patzloff, 3:10-

7   cv-0437-IEG-RBB (S.D. Cal.) (dismissed on March 2, 2011, for failure to state a claim

8   and for failure to comply with the Court's orders). Plaintiff is thus a "three-striker" within

9   the meaning of Section 1915(g), and the only question remaining is whether Plaintiff

10  Cohea is under imminent danger of serious physical injury.

11       The imminent danger exception applies if "the complaint makes a plausible

12  allegation that the prisoner faced 'imminent danger of serious physical injury' at the time

13  of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).  The Ninth Circuit

14  interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must

15  allege that prison officials have continued with a practice that has injured him or others

16  similarly situated in the past.  Id. at 1056-57.

17       A prisoner seeking to invoke the imminent danger exception in § 1915(g) must

18  make specific, credible allegations of imminent danger of serious physical harm.  McNeil

19  v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d

20  1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir.

21  1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v.

22  Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory

23  allegations of possible future harm to himself or others are insufficient to trigger the

24  "imminent danger of serious physical injury" exception to dismissal under § 1915(g));

25  Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that

26  he will commit suicide, or that he has already attempted suicide and will do so again, are

27  insufficient to show imminent danger); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077

28  (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to

1   beat, assault, injure, harass and retaliate against him are not enough. These allegations

2   are insufficient and lack the specificity necessary to show an imminent threat of serious

3   physical injury.").

4       The complaint identifies 23 Defendants and asserts numerous violations of

5   Plaintiff Cohea's First and Fourteenth Amendment rights. He alleges that the Defendants

6   issued false rule violation reports against him in retaliation for having exercised his First

7   Amendment right to file inmate grievances and petition the courts. Those rule violation

8   reports were then used by various Defendants, who knew them to be false, to justify a

9   series of disciplinary housing transfers into the Administrative Housing Unit and

10  eventually the Security Housing Unit.  The transfers were retaliation against Plaintiff for

11  engaging in First Amendment protected activity and were conducted in a manner that

12  deprived Plaintiff of procedural due process rights. Defendants also conducted improper

13  cell searches and colluded to violate Plaintiff's rights.

14      Plaintiff's complaint does not allege a basis for an imminent danger exception.

15  Plaintiff alleges that the Defendants have affixed "R" (rape) and "IEX" (indecent

16  exposure) suffixes to his inmate records without administrative hearings.  Plaintiff

17  maintains that the disciplinary reports supporting these designations are falsified and

18  that the Defendants are aware that either label can spur violence at the hands of other

19  prisoners.  Plaintiff has been forced to take a cell-mate. A fellow inmate was murdered

20  in-cell under similar conditions and there have been multiple physical assaults.

21      Plaintiff's abstract fear of assault does not constitute an imminent danger.

22  Imminent danger of serious physical injury must be a real, present threat, not merely

23  speculative or hypothetical. Plaintiff's allegations do not identify a specific threat; instead

24  he argues that he is at risk of harm from any potential cell-mate. "Plaintiff's generalized

25  apprehension that he might be a target of attack does not constitute an imminent danger

26  at the time of filing the Complaint."  Ellington v. Clark, 2012 WL 466730, *2 (E.D. Cal.

27  Feb. 13, 2012) ("child molester" label causing a generalized fear of attack from inmates

28  and prison staff did not satisfy the imminent danger requirement).

3

Accordingly, IT IS HEREBY ORDERED:

1.  Plaintiff's in forma pauperis status (ECF No. 9) is REVOKED;

2.  Plaintiff shall pay the $400 filing fee within fourteen (14) days of this Order; and

3.  Failure to pay the filing fee or otherwise respond to this Order will result in a recommendation to dismiss this action.

IT IS SO ORDERED.

Dated:   October 24, 2016          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

4