UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>A. PACILLAS, et al.,<br><br>  Defendants. | **CASE No. 1:16-cv-0949-AWI-MJS (PC)**<br><br>**ORDER VACATING OCTOBER 25, 2016, ORDER (ECF NO. 10)**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO**<br><br>**1. REVOKE IN FORMA PAUPERIS STATUS, AND**<br><br>**2. DIRECT PLAINTIFF TO PAY FILING FEE IN FULL**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

This civil rights action is brought by three Plaintiffs—Danny James Cohea, Raymond George Glass, and R.J. Dupree—pursuant to 42 U.S.C. §1983, though only Plaintiff Cohea has signed the complaint. See ECF No. 1 at 75; Fed. R. Civ. P. 11(a). Additionally, only Plaintiff Cohea moved to proceed in forma pauperis. His motion was granted on September 8, 2016. (See ECF Nos. 6, 9.) However, the Court subsequently determined, for the reasons discussed below, that Plaintiff Cohea is not entitled to in forma pauperis status and therefore must pay the filing fee before this case may proceed further.

Plaintiff Cohea is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court takes judicial notice of the following cases filed by Plaintiff Cohea: Cohea v. Bray, 2:97-cv-0366-FCD-DAD (E.D. Cal.) (dismissed on March 24, 1998, for failure to state a claim); Cohea v. Access Secure Pak, 3:09-cv-0679-RCJ-RAM (D. Nev.) (dismissed on August 3, 2010, for failure to state a claim); and Cohea v. Patzloff, 3:10-cv-0437-IEG-RBB (S.D. Cal.) (dismissed on March 2, 2011, for failure to state a claim and for failure to comply with the Court's orders). Plaintiff is thus a "three-striker" within the meaning of Section 1915(g), and the only question remaining is whether Plaintiff Cohea is under imminent danger of serious physical injury.

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past. Id. at 1056-57.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. McNeil v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g));

Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

The complaint identifies 23 Defendants and asserts numerous violations of Plaintiff Cohea's First and Fourteenth Amendment rights. He alleges that the Defendants issued false rule violation reports against him in retaliation for having exercised his First Amendment right to file inmate grievances and petition the courts. Those rule violation reports were then used by various Defendants, who knew them to be false, to justify a series of disciplinary housing transfers into the Administrative Housing Unit and eventually the Security Housing Unit.  The transfers were retaliation against Plaintiff for engaging in First Amendment protected activity and were conducted in a manner that deprived Plaintiff of procedural due process rights. Defendants also conducted improper cell searches and colluded to violate Plaintiff's rights.

Plaintiff's complaint does not allege a basis for an imminent danger exception. Plaintiff alleges that the Defendants have affixed "R" (rape) and "IEX" (indecent exposure) suffixes to his inmate records without administrative hearings.  Plaintiff maintains that the disciplinary reports supporting these designations are falsified and that the Defendants are aware that either label can spur violence at the hands of other prisoners.  Plaintiff has been forced to take a cell-mate. A fellow inmate was murdered in-cell under similar conditions and there have been multiple physical assaults.

Plaintiff's abstract fear of assault does not constitute an imminent danger. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. Plaintiff's allegations do not identify a specific threat; instead he argues that he is at risk of harm from any potential cell-mate. "Plaintiff's generalized

apprehension that he might be a target of attack does not constitute an imminent danger at the time of filing the Complaint." Ellington v. Clark, 2012 WL 466730, *2 (E.D. Cal. Feb. 13, 2012) ("child molester" label causing a generalized fear of attack from inmates and prison staff did not satisfy the imminent danger requirement).

The undersigned Magistrate Judge's October 25, 2016, Order (ECF No. 10) undertook to address the issue directly.  On reflection, the undersigned elects to refer it to the assigned District Judge on findings and recommendations.  Accordingly, IT IS HEREBY ORDERED that the October 25, 2016, Order (ECF No. 10) is VACATED; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis status (ECF No. 9) be REVOKED;
2. Plaintiff be directed to pay the $400 filing fee within fourteen (14) days of the adoption of these Findings and Recommendations.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 1, 2016              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

4