UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>A. PACILLAS, et al.,<br><br>　　　　Defendants. | **CASE No. 1:16-cv-0949-AWI-MJS (PC)**<br><br>**ORDER ADOPTING FINDINGS & RECOMMENDATIONS TO REVOKE IN FORMA PAUPERIS STATUS AND DIRECT PLAINTIFF TO PAY FILING FEE IN FULL**<br><br>**(ECF NO. 11)**<br><br>**FOURTEEN DAY DEADLINE** |

　　This is a civil rights action brought under 42 U.S.C. § 1983. The complaint identifies three incarcerated individuals as plaintiffs, Danny James Cohea, Raymond George Glass, and R.J. Dupree. Only Cohea has signed the complaint and provided contact information. Further, after an order was issued for the submission of an in forma pauperis application, only Cohea submitted an application. See Doc. Nos. 5, 6. Cohea's in forma pauperis motion was granted on September 8, 2016. See Doc. No. 9.

　　On November 2, 2016, the magistrate judge issued a Findings and Recommendations ("F&R") to revoke Cohea's in forma pauperis status and direct him to pay the filing fee in full. See Doc. No. 11. The F&R found that Cohea was subject to the 3-strikes provision of 28 U.S.C. § 1915(g), and the Complaint did not demonstrate imminent danger. See id. On November 22, 2016, Cohea's objections were filed by the Clerk. See Doc. No. 12. No other filings have been made in this case.

　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Cohea's objections are unnecessarily long (70 pages) and repetitive.[1] However, the principal objections appear to be that Plaintiff

---

[1] The F&R was only 4 pages.

1

should not be directed to pay the previously ordered $350 plus the now applicable $400 filing fee (totaling $750 in filing fees), the cases identified in the F&R as "strikes" are not really "strikes" and the "imminent danger at the time of filing" rule is simply a "judge made rule," and the F&R incorrectly sweeps aside plaintiffs Glass and Dupree. The Court is not persuaded by Cohea's objections.

First, Cohea will not be directed to pay a total of $750. Once Plaintiff was granted in forma pauperis status, he was responsible for a filing fee of $350. With the revocation of in forma pauperis status, the reduced $350 filing fee no longer applies. Instead, Plaintiff is now responsible for paying a full filing fee of $400. As of the date of this order, no funds from or on behalf of Cohea have been received by the Court. Therefore, with the adoption of the F&R, Plaintiff will be required to pay a total of $400.

Second, the Ninth Circuit has held that the "imminent danger" requirement of 28 U.S.C. § 1915(g) means "imminent danger at the time of filing." See Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2008). The Court is bound to follow this holding, despite Cohea's characterization of *Andrew*'s holding as a "judge made rule." Further, the Ninth Circuit has determined that Cohea is subject to § 1915(g)'s three-strikes provision. See Cohea v. Grannis, 585 Fed. Appx. 375 (9th Cir. 2014). Therefore, the F&R correctly applied a "three-strikes" analysis to Cohea.

Third, with respect to Cohea's arguments regarding Glass and Dupree, Cohea is not in a position to make arguments for these individuals. A non-attorney pro se plaintiff like Cohea may not represent any other party in a lawsuit. See Simon v. Hartford Life & Accident Ins. Co., 546 F.3d 661, 664 (9th Cir. 2008); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). Therefore, Cohea's objections on behalf of Glass and Dupree are improper and will not be entertained. See id.

Finally, Cohea was not in imminent danger at the time he filed this lawsuit. The events described in the Complaint occurred at Corcoran State Prison. At the time of filing, Plaintiff had been transferred to, and still remains at, Pelican Bay State Prison. The danger described at Corcoran is not present at Pelican Bay.

Having carefully reviewed the entire file, the Court finds that the F&R is supported by the record and by proper analysis with respect to Cohea. With respect to Glass and Dupree, Rule 11(a) requires every pleading to be signed either by an attorney or "by a party personally if the party is unrepresented." Rule 11 also requires the Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). As stated above, Glass and Dupree did not sign the Complaint. Pursuant to Rule 11(a), Glass and Dupree will be required to submit a signed Complaint. If they fail to do so, they will be dismissed from this case.

Accordingly, it is HEREBY ORDERED that:

1. Consistent with the above analysis, the findings and recommendations, filed on November 2, 2016 (ECF No. 11) is ADOPTED;
2. Plaintiff Cohea's in forma pauperis status (ECF No. 9) is REVOKED;
3. Plaintiff is directed to pay the $400 filing fee within fourteen (14) days of service of this Order;
4. Plaintiff's failure to timely pay the filing fee will result in the dismissal of Plaintiff Cohea from this case without further notice;
5. Purported Plaintiffs Glass and Dupree are ordered to submitted signed Complaints within ten (10) days of service of this order; and
6. The failure to timely submit a signed Complaint will result in the dismissal of the purported Plaintiff(s) without further notice.

IT IS SO ORDERED.

Dated:   December 21, 2016

SENIOR DISTRICT JUDGE

3