UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>A. PACILLAS, et al.,<br><br>  Defendants. | **CASE No. 1:16-cv-0949-AWI-MJS (PC)**<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br><br>**(2) DISMISSING PLAINTIFFS GLASS AND DUPREE; AND**<br><br>**(3) DIRECTING PLAINTIFF TO PAY THE $400 FILING FEE**<br><br>**(ECF NO. 14)**<br><br>**TEN (10) DAY DEADLINE** |

This civil rights action was brought by three Plaintiffs—Danny James Cohea, Raymond George Glass, and R.J. Dupree—pursuant to 42 U.S.C. §1983, though only Plaintiff Cohea had signed the complaint. See ECF No. 1 at 75; Fed. R. Civ. P. 11(a). Additionally, only Plaintiff Cohea moved to proceed in forma pauperis, and his motion was granted on September 8, 2016. (ECF Nos. 6, 9.)

On November 2, 2016, the magistrate judge issued findings and recommendations to revoke Plaintiff's in forma pauperis status after concluding that Plaintiff had incurred three strikes within the meaning of 28 U.S.C. 1915(g) and the imminent danger exception does not apply. (ECF No. 11.) Plaintiff filed objections on November 22, 2016. (ECF No. 12.)

1

On December 22, 2016, the undersigned conducted a de novo review of the case and, after considering Plaintiff's objections, adopted the findings and recommendations in full. (ECF No. 13.) As to Plaintiff's objections, the Court held that (1) Plaintiff would be required to pay only $400 to proceed in this action, not $750 as Plaintiff claimed he would have to pay (per Plaintiff, this included the original $350 reduced filing fee plus the new $400 filing fee); (2) the imminent danger exception did not apply under the facts of this case; and (3) any arguments regarding Plaintiffs Glass and Dupree were improperly made by a non-attorney pro se plaintiff like Cohea. Plaintiff was then ordered to pay the $400 filing fee in full within fourteen days, and Plaintiffs Glass and Dupree were ordered to sign the complaint within ten days.

Plaintiff has now filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 14. To date, Defendants Glass and Dupree have not signed the complaint or otherwise appeared in this action.

Plaintiff argues reconsideration is warranted here on account of the "clearly erroneous <u>mis-interperation</u> and <u>misapplication</u>" of relevant law and pursuant to Rule 60(b)(6) to "correct and prevent manifest injustice." Pl.'s Mot. Recons. at 3-4. Plaintiff Cohea's motion raises the same arguments that he raised in his objections to the magistrate judge's findings and recommendations, namely, that (1) the magistrate judge's conclusion that Plaintiff incurred three strikes within the meaning of 28 U.S.C. 1915(g) is clearly erroneous, (2) the Court improperly directed Plaintiff to pay a total of $750 filing fees, (3) the imminent danger exception applies, and (4) Plaintiff does not know the location of, and is thus unable to contact, Plaintiffs Glass and Dupree to obtain their signatures.

Each of these arguments was presented to the Court in Plaintiff's objections to the magistrate judge's findings and recommendations. Plaintiff has presented no new facts or arguments warranting reconsideration of the Court's December 22, 2016, Order. Plaintiff's motion for reconsideration is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 14) is DENIED;
2. Plaintiffs Glass and Dupree are dismissed from this action for failure to comply with the Court's Order that they sign the complaint;
3. Plaintiff Cohea is directed to submit the $400 filing fee within ten (10) days from the date of this Order;
4. No further motions for reconsideration will be entertained; and
5. Failure to timely submit the $400 filing fee will result in the dismissal and closure of this case without further notice.

IT IS SO ORDERED.

Dated:  June 27, 2017

_____
SENIOR DISTRICT JUDGE